**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 24-4239**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KYMBERLY STARR,

Defendant - Appellant.

————————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:20-cr-00231-TDC-1)

————————————

Submitted:  July 8, 2025                    Decided:  July 29, 2025

————————————

Before GREGORY and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

————————————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

————————————

**ON BRIEF:**  Ruth J. Vernet, RUTH J VERNET, ESQ, LLC, Rockville, Maryland, for Appellant.  Karen E. Kelly, Acting Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie Bagley, Joseph B. Syverson, Todd A. Ellinwood, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Kelly O. Hayes, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kymberly Starr appeals her conviction and the 15-month sentence imposed after she pled guilty pursuant to a plea agreement to a sole count of aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous issues for appeal but questioning whether the voluntariness of Starr's plea was influenced by ineffective assistance of counsel and whether Starr's sentence is reasonable. Starr filed a pro se supplemental brief in which she also asserts that plea counsel's ineffectiveness rendered her plea involuntary. The Government did not file a response brief.

We identified two potentially meritorious issues and ordered the parties to submit supplemental briefs on whether (1) the differences between the district court's oral pronouncement of the special supervised release conditions and their articulation in the written judgment amount to reversible error under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020); and (2) the district court adequately explained the reasons for the special supervised release conditions it imposed. We affirm in part and vacate in part.

I.    *Starr's Conviction*

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). "In reviewing the adequacy of compliance with Rule 11, this [c]ourt

2

should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).

Because Starr did not move the district court to withdraw her guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, the appealing party must show that an error (1) was made, (2) is plain, and (3) affects substantial rights." *United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022) (citation modified). An "error affects substantial rights if it was 'prejudicial,' meaning it affected the outcome of the district court proceedings." *Id.* at 311 (internal quotation marks omitted). "Even if an appellant makes this three-part showing, an appellate court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation modified).

A review of the record confirms that the district court fully complied with Rule 11 in accepting Starr's plea. *See* Fed. R. Crim. P. 11(b)(1) (outlining several items that a district "court must inform the defendant of, and determine that the defendant understands," before 'the court accepts a plea of guilty"). The transcript also confirms that Starr agreed that her plea was knowing and voluntary, and she assured the district court that she fully understood the proceedings against her, she admitted her guilt, and she informed the court that she was pleading guilty without threat of force or coercion. We therefore conclude that Starr's guilty plea was properly accepted by the district court and it will not be disturbed on appeal.

Despite the foregoing, both Starr and her counsel suggest that the voluntariness of Starr's plea may have been tainted by counsel's ineffectiveness. "[T]o establish a Sixth Amendment claim for ineffective assistance of counsel a defendant must show (1) objectively unreasonable performance and (2) prejudice stemming from that performance." *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). "Ineffective assistance claims are generally not cognizable on direct appeal, however, unless it conclusively appears from the record that defense counsel did not provide effective representation." *Id.* (internal quotation marks omitted).

After thoroughly reviewing the record and fully considering counsel's and Starr's arguments in this court, we conclude that the record does not conclusively establish that plea counsel was ineffective. This is especially true since, during the Rule 11 plea colloquy, Starr stated under oath that she had thoroughly reviewed the case with her attorneys, was satisfied with them, and had not been pressured to plead guilty. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." (citation modified)). As it does not conclusively appear from the record that plea counsel was ineffective, or that Starr's decision to plead guilty was not knowingly, voluntarily and intelligently made, any ineffective assistance claim

4

would be more appropriately raised by Starr in a 28 U.S.C. § 2255 motion.[1]  *See DeFusco*, 949 F.2d at 120 ("[I]t would be unfair to adjudicate [an ineffective assistance claim] without any statement from counsel on the record.").

We therefore affirm Starr's conviction.

*II.      Starr's Sentence*

We review a sentence for "reasonableness" by applying the "deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted).  In doing so, "[o]ur inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021).  First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Id.* (internal quotation marks omitted).

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness." *Id.*  In considering the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212

---

[1] We express no opinion as to the merits of Starr's ineffective assistance of counsel claims.

5

(4th Cir. 2020) (internal quotation marks omitted).  "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted).  Indeed, a defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

After reviewing the record in this case, we conclude that the district court correctly calculated Starr's Guidelines range of 18 to 24 months in prison.  Moreover, the district court at sentencing (1) properly treated the Guidelines as nonmandatory; (2) gave the parties an opportunity to argue for an appropriate sentence; (3) adequately explained its reasons for imposing the within-Guidelines range sentence; and (4) fully discussed the § 3553(a) factors it deemed relevant.  *See Friend*, 2 F.4th at 379.

However, a district court is also required to orally pronounce at sentencing all non-mandatory conditions of supervised release.  *Rogers*, 961 F.3d at 296; *see also United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) ("[I]n order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court.").  Indeed, "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment in fact have not been imposed on the defendant." *Singletary*, 984 F.3d at 345 (citation modified).  We review such claims de novo, *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024), *cert. denied sub nom. Alcorn v. United States*, 145 S. Ct.

6

1340 (2025), and the usual remedy for a *Rogers* error is to vacate the sentence and remand for a full resentencing, *see Singletary*, 984 F.3d at 346 & n.4.

One type of *Rogers* error occurs when there is improper incorporation. In this regard, a sentencing court may satisfy the oral pronouncement requirement by "incorporat[ing] . . . a written list of discretionary conditions of supervised release, such as the recommendations of conditions of release that have been spelled out in the defendant's PSR, or those established by a court-wide standing order." *Smith*, 117 F.4th at 604. Failure to properly incorporate conditions by reference is reversible error. *Id.*

Another type of *Rogers* error occurs when there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted); *see also United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022) (recognizing that lack of a match between oral and written sentences may constitute reversible *Rogers* error). Not all inconsistencies amount to reversible error—for example, when the written judgment serves to clarify the court's ambiguous oral pronouncement of a condition, or "when the government has offered an explanation for the alleged inconsistency" between the oral pronouncement and written judgment "to which the defendant has not responded." *Mathis*, 103 F.4th at 197.

A district court must also adequately explain any special conditions imposed. *See United States v. Van Donk*, 961 F.3d 314, 322-23 (4th Cir. 2020), and such conditions must comply with the requirements of 18 U.S.C. § 3583(d), *see United States v. Ellis*, 984 F.3d 1092, 1098 (4th Cir. 2021). To adequately explain imposed special conditions, a district

7

court must provide an "individualized explanation" for *why* a special condition is appropriate considering the § 3583(d) factors. *Van Donk*, 961 F.3d at 322. Under § 3583(d), a special condition must be "(1) reasonably related to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) no greater a deprivation of liberty than is reasonably necessary to achieve those statutory goals; and (3) consistent with any relevant policy statements issued by the Sentencing Commission." *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020) (citation modified).

"Unless a district court explains why particular special conditions are being imposed, we have no basis for determining whether they are reasonably related to these factors." *Id.* (citation modified). And where a district court refers only to the imposed prison term when discussing the § 3553(a) factors, "and ma[kes] no attempt to link its explanation for [the] term of confinement with the term or conditions of supervised release," this court "cannot glean the district court's reasons for imposing the challenged conditions by examining the rationale for the sentence as a whole." *Id.* (internal quotation marks omitted). "Under our precedent, the district court's failure to give an explanation for the special conditions of supervised release is reversible plain error." *Id*.

Our independent review of the record has revealed material discrepancies between the district court's oral pronouncement of the special conditions applicable to Starr's supervised release term and the written criminal judgment. In particular, during the portion of Starr's sentencing hearing when the district court identified the special conditions that would apply to Starr's supervised release, the district court orally imposed seven special conditions of supervised release. However, the written criminal judgment that followed

8

included nine special conditions. Those included in the written judgment that were not orally pronounced at sentencing require that Starr (1) participate in a mental health treatment program; and (2) pay a special assessment of $100.

And although Starr's PSR included all nine recommended special conditions of supervised release that were later included in the written judgment, at no time during Starr's sentencing hearing did the district court expressly incorporate the *special conditions* of release recommended in the PSR. *Cf. Smith*, 117 F.4th at 606 (holding that, "although the sentencing court stated that it had 'read,' 'considered,' and 'resolved all objections' to [defendant's] PSR, it did not *expressly adopt* the PSR before orally pronouncing [defendant's] sentence"). We therefore conclude that the two special conditions that were omitted from Starr's criminal "judgment in fact have not been imposed on [Starr]."[2] *Singletary*, 984 F.3d at 345 (citation modified); *see Rogers*, 961 F.3d at 300 ("[T]he requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing." (internal quotation marks omitted)).

It is well established that "defendants who succeed on *Rogers* claims are entitled to a full vacatur of their sentences and remand for resentencing if they so request." *United States v. Kemp*, 88 F.4th 539, 547 (4th Cir. 2023) (internal quotation marks omitted). And

---

[2] We reject counsel's argument that the district court also violated *Rogers* when it imposed restitution as a special condition of Starr's supervised release. Contrarily, we conclude that the supervised release portion of the written criminal judgment mirrors the court's discussion on the matter.

9

since the *Rogers* errors discussed above requires that we vacate the entirety of Starr's sentence, "we need not and should not proceed further to reach [her] additional arguments about [her] prior sentencing." *Id.* at 547 n.4 (internal quotation marks omitted).

Having reviewed the record in this case in accordance with our obligations under *Anders* and finding two possibly meritorious issues for review, we affirm Starr's conviction, but vacate her sentence and remand to the district court for further proceedings consistent with this opinion.[3] This court requires that counsel inform Starr in writing of her right to petition the Supreme Court of the United States for further review. If Starr requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Starr. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[3] We remind the district court of its obligation to explain during Starr's resentencing why the imposed special supervised release conditions are "appropriate in light of the § 3583(d) factors." *Van Donk*, 961 F.3d at 322.

10